UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD CARTER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS, L.P., IRIK P. SEVIN, and AMI TRAUBER,<br><br>Defendant. | No. 04-CV-01766 (JBA)<br><br>January 10, 2005 |

## MEMORANDUM OF LEAD PLAINTIFF MOVANT RS HOLDINGS GROUP IN RESPONSE TO PLAINTIFF CARTER'S MOTION FOR PARTICULARIZED DISCOVERY

Movant RS Holdings Group, consisting of proposed lead plaintiffs Rabino Stortini Holdings LLC, John E. Wertin, and Harold D. Dumm (collectively, "RS Holdings Group"), hereby submits this memorandum in response to Plaintiff Richard Carter's November 24, 2004 Motion for Particularized Discovery from Defendants to Preserve Evidence ("Motion for Discovery"). As explained below, to the extent that the Court grants the Motion for Discovery, RS Holdings Group respectfully submits that the discovery should be conducted by the Court-appointed Lead Plaintiff.

### BACKGROUND

Plaintiff, Richard Carter ("Carter"), filed this action on October 21, 2004. It was the first of seventeen similar actions, all brought on behalf of a proposed class of investors in the publicly traded securities of Star Gas Partners, L.P. ("Star Gas") against some or all of the same Defendants, and all alleging claims under Section 10(b) of the Securities Exchange Act of 1934,

15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5.[1] Accordingly, all seventeen actions are governed by the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3). Pursuant to the PSLRA, one individual and ten groups of Star Gas investors have moved for appointment as lead plaintiff, for approval of lead counsel, and for consolidation of the related actions.[2]

On November 24, 2004, Carter filed his Motion for Discovery, which requested an order lifting the PSLRA's discovery stay in order to take a Rule 30(b)(6) deposition of Star Gas regarding the preservation of documents following the sale of Connecticut-based Star Gas Propane, L.P., to Inergy, L.P., located in Kansas City, Missouri. Defendants oppose the Motion for Discovery. According to Carter's reply brief, filed on December 29, 2004, his Motion for Discovery now has been joined in by a group of four investors (which does not include Carter) who collectively have also sought appointment as lead plaintiff (but whose losses are

---

[1] The seventeen actions are captioned as follows: Carter v. Star Gas Partners, L.P., et al., No. 3:04-CV-1766 (JBA); Prokop v. Star Gas Partners, L.P., et al., No. 3:04-CV-1785 (JBA); Gold v. Star Gas Partners, L.P., et al., No. 3:04-CV-1791 (JBA); Seigle v. Star Gas Partners, L.P., et al., No. 3:04-CV-1803 (JBA); Weiss v. Star Gas Partners, L.P., et al., No. 3:04-CV-1807 (JBA); Strunk v. Star Gas Partners, L.P., et al., No. 3:04-CV-1815 (JBA); Feit v. Star Gas Partners, L.P., et al., No. 3:04-CV-1832 (JBA); White v. Star Gas Partners, L.P., et al., No. 3:04-CV-1837 (JBA); Jagerman v. Star Gas Partners, L.P., et al., No. 3:04-CV-1855 (JBA); Wood v. Star Gas Partners, L.P., et al., No. 3:04-CV-1856 (JBA); Harriette S. and Charles L. Tabas Foundation v. Star Gas Partners, L.P., et al., No. 3:04-CV-1857 (JBA); McCole, et al. v. Star Gas Partners, L.P., et al., No. 3:04-CV-1859 (JBA); Yopp v. Star Gas Partners, L.P., et al., No. 3:04-CV-1865 (JBA); Lederman v. Star Gas Partners, L.P., et al., No. 3:04-CV- 1873 (JBA); Kiser v. Star Gas Partners, L.P., et al., No. 3:04-CV-1884 (JBA); Dinkes v. Star Gas Partners, L.P., et al., No. 3:04-CV-1979 (JBA); and Gould v. Star Gas Partners, L.P., et al., No. 3:04-CV-2133 (JCH).

[2] As demonstrated by the contemporaneous submission of RS Holdings Group, it has the largest financial interest in the outcome of this litigation, and, therefore, is presumptively "the most adequate plaintiff" pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii).

considerably less than sustained by RS Holdings Group), and who are also represented by Carter's counsel.

As a member of the putative class of Star Gas investors and as the presumptive lead plaintiff, RS Holdings Group has an obvious interest in ensuring that all communications, documents, and other evidence relevant to the claims in this action, as well as evidence that is reasonably calculated to lead to the discovery of admissible evidence, be preserved and maintained during the course of this litigation.[3] RS Holdings Group also respectfully submits that any discovery or other proceedings which may be necessary to ensure such preservation should be conducted by the most adequate plaintiff (in this case, RS Holdings Group) in its role as the court-appointed fiduciary responsible for prosecution of the action. For that reason, to the extent the Court determines that the deposition sought by Carter's Motion for Discovery is appropriate, the lead plaintiff appointed by the Court should conduct that discovery and, to the extent the Court is satisfied with Defendants' offer to meet and confer regarding the categories of documents to be maintained, the lead plaintiff and its counsel should conduct such proceedings.

---

[3] The PSLRA mandates that, "[d]uring the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(b)(3)(C)(I). Moreover, courts in this Circuit have recognized that a litigant "is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 72 (S.D.N.Y. 1991). See Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) ("[A]nyone who anticipates being a party or is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary").

## ARGUMENT

### In An Action Governed By The PSLRA, Only The Court-Appointed Lead Plaintiff Should Be Permitted To Direct Or Conduct The Litigation.

Pursuant to the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Congress intended that this process would give "control of the litigation to lead plaintiffs with substantial holdings of the securities of the issuer." See H.R. Conf. Rep. No. 104-369, at 32 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 730-31. See, e.g., In re Enron Corp. Securities, Derivative & ERISA Litig., 284 F.Supp.2d 511, 648 (S.D. Tex. 2003) (lead plaintiff was intended "to prosecute the action and to retain control over the litigation"). In keeping with this legislative intent, the party appointed as lead plaintiff should be the one to control and direct the course of litigation. Indeed, in the decisions cited in Carter's reply, it was the court-appointed lead plaintiff who moved for the modification of the discovery stay. See, e.g., In re Vivendi Universal, S.A. Sec. Litig., 02 Civ. 5571 (HB), 2003 WL 21035383 (S.D.N.Y. May 6, 2003), In re LaBranche Sec. Litig., 333 F.Supp.2d 178, 179 (S.D.N.Y. 2004).

Discovery is unquestionably a critical phase of any litigation, and because of its importance, it should be conducted by the party who ultimately will prosecute and try the action. In a securities action such as this, the Lead Plaintiff has the responsibility to guide the litigation to its conclusion. Therefore, only the Lead Plaintiff should be permitted to conduct all facets of this litigation.

## CONCLUSION

For the foregoing reasons, to the extent the Court permits any discovery in this action prior to its decision on a motion to dismiss, that discovery should be conducted at the direction of the Lead Plaintiff.

Respectfully submitted,

**RS HOLDING GROUP**

By: _____
James E. Miller (ct21560)
jmiller@sfmslaw.com
Patrick A. Klingman (ct17813)
pklingman@sfmslaw.com
**Shepherd, Finkelman, Miller & Shah, LLC**
65 Main Street
Chester, Connecticut 06412
(860) 526-1100
(860) 526-1120 (facsimile)

Jonathan M. Plasse
Christopher J. Keller
**Goodkind Labaton Ruddoff & Sucharow LLP**
100 Park Avenue
New York, New York 10017
(212) 907-0700
(212) 818-0477 (facsimile)

Stuart L. Berman
Darren J. Check
Sean M. Handler
**Schiffrin & Barroway, LLP**
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania 19004
(610) 667-7706
(610) 667-7056 (facsimile)

Their Counsel