UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD CARTER, Ind. & o/b/o All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, IRIK P. SEVIN, and AMI TRAUBER,<br><br>Defendants. | Civil Action No. 3:04-cv-01766 (JBA) |

[Additional Captions Follow on Next Page]

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE STUART J. VOISIN REVOCABLE LIVING TRUST,
THE HELENE K. NETTER REVOCABLE LIVING TRUST, NANCY
VOISIN, JORDANA BREGMAN AND ISAIAH BREGMAN'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION
TO ALL OTHER LEAD PLAINTIFF MOTIONS**

| | |
|---|---|
| AUGUST PROKOP, Ind. & o/b/o All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, IRIK P. SEVIN, and AMI TRAUBER,<br><br>   Defendants. | Civil Action No. 3:04-cv-01785 (JBA) |
| LILA GOLD, Ind. & o/b/o All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, IRIK P. SEVIN, and AMI TRAUBER,<br><br>   Defendants. | Civil Action No. 3:04-cv-01791 (JBA) |
| ROBERT SEIGLE, Ind. & o/b/o All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, IRIK P. SEVIN, and AMI TRAUBER,<br><br>   Defendants. | Civil Action No. 3:04-cv-01803 (JBA) |

**[Additional Captions Follow on Next Page]**

| | |
|---|---|
| MARTIN J. WEISS, Ind. & o/b/o All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, IRIK P. SEVIN, and AMI TRAUBER,<br><br>   Defendants. | Civil Action No. 3:04-cv-01807 (JBA) |
| GRANT STRUNK, Ind. & o/b/o All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, IRIK P. SEVIN, and AMI TRAUBER,<br><br>   Defendants. | Civil Action No. 3:04-cv-01815 (JBA) |
| RICHARD FEIT, Ind. & o/b/o All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, STAR GAS, LLC IRIK P. SEVIN, and AMI TRAUBER,<br><br>   Defendants. | Civil Action No. 3:04-cv-01832 (JBA) |

**[Additional Captions Follow on Next Page]**

| | |
|---|---|
| JAMES WHITE, Ind. & o/b/o All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, STAR GAS PROPANE LP, STAR GAS LLC, PETRO HOLDINGS INC., STAR GAS FINANCE CO., IRIK P. SEVIN, AMI TRAUBER, JOSEPH P. CAVANAUGH, RICHARD F. AMBURY, and JAMES J. BOTTIGLIERI<br><br>Defendants. | Civil Action No. 3:04-cv-01837 (JBA) |
| LOUIS JAGERMAN, Ind. & o/b/o All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, IRIK P. SEVIN, and AMI TRAUBER,<br><br>Defendants. | Civil Action No. 3:04-CV-01855 (JBA) |
| MARTIN M. WOOD, Ind. & o/b/o All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, IRIK P. SEVIN, and AMI TRAUBER,<br><br>Defendants. | Civil Action No. 3:04-cv-01856 (JBA) |

**[Additional Captions Follow on Next Page]**

| | |
|---|---|
| HARRIETTE S. & CHARLES L. TABAS FOUNDATION, Ind. & o/b/o All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, STAR GASS LLC, IRIK P. SEVIN, and AMI TRAUBER,<br><br>　　　　Defendants. | Civil Action No. 3:04-cv-01857 (JBA) |
| DENNIS McCOLE, Ind. & o/b/o All Others Similarly Situated, MICHAEL A. FREEDMAN, Ind. & o/b/o All Others Similarly Situated, BRIAN M. BLOCK, Ind. & o/b/o All Others Similarly Situated, and SARA SPINNER BLOCK, Ind. & o/b/o All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, IRIK P. SEVIN, and AMI TRAUBER,<br><br>　　　　Defendants. | Civil Action No. 3:04-cv-01859 (JBA) |
| JACK YOPP, Ind. & o/b/o All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, IRIK P. SEVIN, and AMI TRAUBER,<br><br>　　　　Defendants. | Civil Action No. 3:04-cv-01865 (JBA) |

**[Additional Captions Follow on Next Page]**

| | |
|---|---|
| JAY LEDDERMAN, Ind. & o/b/o All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, STAR GAS LLC, IRIK P. SEVIN, and AMI TRAUBER,<br><br>   Defendants. | Civil Action No. 3:04-cv-01873 (JBA) |
| MITCHELL R. KISER, Ind. & o/b/o All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, IRIK P. SEVIN, and AMI TRAUBER,<br><br>   Defendants. | Civil Action No. 3:04-cv-01884 (JBA) |
| SHARON I. DINKES, Ind. & o/b/o All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, STAR GAS LLC, IRIK P. SEVIN, and AMI TRAUBER,<br><br>   Defendants. | Civil Action No. 3:04-cv-01979 (JBA) |

**[Additional Captions Follow on Next Page]**

| | |
|---|---|
| LEE A. GOULD, Custodian for Geoffrey D. Gould, a minor, & o/b/o All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>STAR GAS PARTNERS LP, STAR GAS LLC, IRIK P. SEVIN, and AMI TRAUBER,<br><br>        Defendants. | Civil Action No. 3:04-cv-02133 (JCH) |

The Stuart J. Voisin Revocable Living Trust, the Helene K. Netter Revocable Living Trust, Nancy Voisin, Jordana Bregman and Isaiah Bregman (collectively the "Voisins") submit this memorandum of law in further support of their motion for appointment as lead plaintiff and in opposition to all other lead plaintiff motions.

## PRELIMINARY STATEMENT

Before the court are ten competing movants seeking appointment as lead plaintiff. Of the competing movants, only four allege larger losses than the Voisins, and of those four, none satisfy the adequacy and typicality requirements of the Private Securities Litigation Reform Act ("PSLRA") and Rule 23 of the Federal Rules of Civil Procedure for appointment as lead plaintiff. Each of those four movants, as more fully described below, carries with it one or more issues which call into question their suitability for appointment as lead plaintiff.

One of the movants, RS Holdings Group, is comprised of an aggregated group of two individuals, John E. Wertin, ("Wertin") and Harold D. Dumm ("Dumm"), and an entity, Robino Stortini Holdings, LLC ("Robino Stortini Holdings"). RS Holdings Group's Memorandum of Law, Declaration of Patrick A. Klingman, and certifications are all silent as to nature of the business of Robino Stortini Holdings and whether Robino Stortini Holdings even has standing to act as lead plaintiff. The Robino Stortini Holdings' certification is completely devoid of any information indicating that the shares of Star Gas Partners, L.P. ("Star Gas") were purchased for its individual accounts and not in fact for the accounts of its clients. The burden of providing the necessary background information regarding Robino Stortini Holdings, and thus, establishing its standing to act as lead plaintiff, ultimately rests with RS Holdings Group. Moreover, the bare bones

certifications submitted by RS Holdings Group do not provide sufficient information detailing the nature of the relationship, if any, among Robino Stortini Holdings, Wertin, and Dumm to enable this Court to conclude that this movant is an adequate lead plaintiff and not merely a lawyer-driven aggregation of clients which the PSLRA was enacted to eliminate.

Two of the movants, the Star Gas Group and the Lando Group, are also lawyer-driven aggregates. Based on both the Star Gas and the Lando Groups' silence as to the nature of the relationships between the Group members and whether the members knew each other prior to the formation of the Groups, coupled with the absence of any information as to how the Groups would be structured so as to effectively manage this litigation without undue influence from their counsel, it is clear that the formation of these Groups is an attempt by counsel to assemble collections of unrelated investors with the largest financial losses, in order to gain appointment as lead counsel and, thus retain total control over this litigation. The appointment of the Star Gas Group or the Lando Group as lead plaintiff will only serve to hamper the true purposes of the PSLRA, which is to curtail lawyer-driven litigation.

One of the movants, James C. Rosner ("Rosner") claims to have suffered losses of $590,000, when in reality he only suffered losses of approximately $385,530. Mr. Rosner has failed to use the correct 90-day average Star Gas stock price in the calculation of his losses. When his losses are properly calculated, Mr. Rosner's losses are well below those of the Voisins. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (requiring movant to have the "largest financial interest in the relief sought by the class . . .").

2

In sharp contrast to RS Holdings Group, Star Gas Group, and the Lando Group, the Voisins are not a lawyer-driven aggregate, but rather a group of related individuals seeking appointment as lead plaintiff. As discussed in the Voisins' Memorandum of Law and in the Declaration of Jeffrey C. Block, Stuart Voisin and Helene Netter are husband and wife. Nancy Voisin is Stuart Voisin's daughter and the mother of Jordana and Isaiah Bregman. Obviously they are not a lawyer-driven amalgamation of unrelated investors, but close family members who all invested in Star Gas and lost almost half-a-million dollars. Indeed, the Voisins have a significant, vested interest in this litigation and they are not infected with any class certification infirmities or any other unique defenses. Rather, the Voisins are the only movants that have demonstrated their adequacy to serve as lead plaintiff as required by the PSLRA and Rule 23 of the Federal Rules of Civil Procedure. They are the only movants that have given the Court a detailed description of who they are and how they intend to manage this litigation; they are the only movants that have made any showing that they are willing and able to prosecute this action vigorously on behalf of the Class; they are the only movants that have demonstrated that they have made an intelligent and informed decision about the retention of counsel; and they are the only movants that have shown that they have negotiated a favorable fee agreement for the Class. They are also the only movants whose counsel has already undertaken an investigation into the alleged fraud at Star Gas demonstrating their commitment and zeal to vigorously represent the Class. Indeed, based on the information that has been provided by the parties, the Court can only conclude that the Voisins are the "most adequate plaintiff."

## ARGUMENT

I. **THE VOISINS ARE THE MOST ADEQUATE PLAINTIFF TO REPRESENT THE CLASS**

In addition to determining which "person or group of persons" has the largest financial interest in the relief sought by the class pursuant to the PSLRA, the Court must determine whether the movant otherwise satisfies the requirements of Rule 23. *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001), cert. Denied, 535 U.S. 929 (2002). Indeed, the movants must also affirmatively demonstrate that their claims are typical, and that they are capable of adequately representing the Class. *Id; see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.RD. 42, 49 (S.D.N.Y. 1998) ("[t]he rebuttable presumption created by the PSLRA which favors the plaintiff with the largest financial interest was not intended to obviate the principle of providing the class with the most adequate representation and in general the [PSLRA] must be viewed against established principles regarding Rule 23 class actions.").

In determining whether a movant's claims are typical, the court should consider whether its circumstances "'are markedly different or the legal theory upon which [its] claims are based differ from that upon which the claims of other class members will perforce be based.'" *Cendant*, 264 F.3d at 264 -65 (quoting *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988)). With respect to adequacy, the Court should consider (i) whether the movant has the ability and willingness to represent the claims of the class vigorously; (ii) whether the movants have selected competent counsel who have no disabling conflicts; (iii) whether there are any conflicts between the claims of the movants and those of the Class; (iv) whether the movants have negotiated a reasonable fee arrangement with their chosen counsel; and (v) if a movant is a "group of persons,"

whether that group will adequately represent the interests of the Class. *See Cendant*, 264 F.3d at 265-68.

Although the Voisins are not the movants with the largest claimed losses, the Voisins are the group of related investors with the largest financial stake in the litigation. In an effort to avoid the aggregation of unrelated members and eliminate lawyer-driven litigation, courts have denied motions by unrelated investors on the "ground that groups of unrelated class members are more likely to abdicate their responsibility to coordinate the litigation to their attorneys, in contravention of the PSLRA's goal to eliminate lawyer driven litigation." *Rozenboom v. Van Der Moolen Holdings, N.V.*, No. 03 Civ. 8284 (RWS), 2004 WL 816440 at *4 (S.D.N.Y. Apr. 14, 2004); *see e.g., In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 309 (S.D.N.Y. 2001); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997). As discussed more fully in Section II. A. (3) and Section II. B. of this Memorandum, by virtue of their preexisting relationship, the Voisins are the most adequate plaintiffs because they are able to function as a cohesive group, acting together with one voice to interact with counsel and to oversee the litigation.

In addition, the Voisins are the only movants that have fully satisfied the requirements of Rule 23. First, there is no real dispute that the Voisins' claims are typical of the Class. The Voisins' claims arise out of the same conduct and are based upon the same legal theories as the claims of all other investors. *See Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988). The Voisins are the only movants that have demonstrated that they are a cohesive group of related individuals and are willing and able to take charge of this litigation and actively manage the litigation on behalf of the class. *See In re*

5

*Milestone Sci. Sec. Litig.*, 187 F.R.D. 165, 174 (D.N.J. 1999) ("[o]ne objective of the PSLRA was to ensure more effective representation of the interests of investors in private securities class actions"). Specifically, the Voisins have submitted the Joint Declaration of Stuart J. Voisin and Helene K. Netter, which provides all of the information necessary for this Court to conclude that they are the most adequate plaintiff to lead this action. *See In re Lucent Techs. Inc. Sec. Litig.*, 194 F.R.D. 137, 151 (D.N.J. 2000) (stating that the proposed lead plaintiff should also provide information that would give the Court confidence it was capable of adequately representing the Class). The Joint Declaration is attached as Exhibit A and explains:

- Who Stuart J. Voisin and Helene K. Netter are, the identities of the other Voisin Group members, the relationship between all Group members and their occupations. (¶¶ 1-6)[1]

- Stuart J. Voisin and Helene K. Netter's choice of counsel and their reasoning for retaining Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio"). (¶¶ 7, 8)

- That Stuart J. Voisin and Helene K. Netter understand their fiduciary duty to all members of the proposed class and the obligations associated with being a lead plaintiff and that each is ready, willing and able to undertake those responsibilities. (¶¶ 8, 9)

- That Stuart J. Voisin and Helene K. Netter are willing and able to provide fair and adequate representation and to work together to obtain the largest possible recovery for the proposed class. (¶¶ 8-11)

- That Stuart J. Voisin and Helene K. Netter have taken affirmative steps to ensure that they will be kept fully informed at all times concerning the status and progress of the case and will consult with counsel in advance of all major litigation events. (¶¶ 8, 10)

- That the Voisins have negotiated a favorable fee agreement on behalf of the Class. (¶ 11)

---

[1] All references to "¶_" and "¶¶_" refer to specific paragraph(s) of the Joint Declaration.

By contrast, neither RS Holdings Group, Star Gas Group or the Lando Group have provided any information that would allow this Court to conclude that it is an adequate lead plaintiff. Indeed, all three Groups' submissions are based solely on perfunctory certification forms, which lack any information about their backgrounds or preexisting relationships with other group members, their ability or willingness to fulfill the substantial obligations of a lead plaintiff, how they selected counsel, or whether they negotiated a favorable fee agreement on behalf of the Class. *See Cendant* 264 F.3d at 265 ("one of the best ways for a court to ensure that it will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with that counsel") (citation omitted).

## II. NO OTHER MOVANT SATISFIES THE PSLRA'S "MOST ADEQUATE PLAINTIFF" REQUIREMENT

### A. RS Holdings Group Is Subject To Unique Defenses That Render It Incapable Of Representing The Class

While RS Holdings Group purports to have larger losses than any other movant, the PSLRA only provides a presumption of adequacy to the plaintiff with the largest financial interest in the relief sought if – *and only if* – such plaintiff otherwise satisfies the applicable requirements of Rule 23 and the PSLRA. *See* 15 U.S.C. § 78u-4(a)(B)(iii)(I). The lead plaintiff determination *is not* a rote mathematical calculation. *See Cendant,* 264 F.3d at 264-68 (3d Cir. 2001). To the contrary, the PSLRA provides that the presumption may be rebutted by evidence that the proposed lead plaintiff will not "fairly and adequately protect the interest of the class" or "is subject to unique defenses that render

7

such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(B)(iii)(II).

Here, the statutory presumption of adequacy is effectively rebutted because RS Holdings Group is subject to unique defenses and suffers from fatal infirmities that render it incapable of adequately representing the Class. Further, it is unclear whether Robino Stortini Holdings, one of the named plaintiffs comprising RS Holdings Group, is an "investment manager," which raises issues as to whether Robino Stortini Holdings even has standing to pursue claims on behalf of the Class.

### 1. RS Holdings Group Has Provided No Information Demonstrating Its Adequacy

RS Holdings Group has failed to provide any information that would allow this Court to conclude that it is an adequate lead plaintiff. Indeed, RS Holdings Group's submissions are based solely on a perfunctory certification form and moving papers, which lack any information about its background or qualification to serve as a lead plaintiff. *See Cendant* 264 F.3d at 265 ("one of the best ways for a court to ensure that it will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with that counsel") (citation omitted).

RS Holdings Group has submitted nothing more than a boilerplate certification form and moving papers in support of its application to be appointed lead plaintiff. Notably, RS Holdings Group has failed to provide this Court with any information concerning the nature of the business of Robino Stortini Holdings and whether it qualifies as an "investment manager." Indeed, RS Holdings Group's perfunctory certification form and moving papers are conspicuously silent as to: what Robino