UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|   |   |   |
|---|---|---|
| **In re Star Gas Securities** | : | Case No. 3:04cv1766 (JBA) |
| **Litigation** | : | |
|   | : | |

**RULING ON MOTION TO MODIFY THE JUDGMENT TO GRANT LEAVE
TO AMEND THE COMPLAINT AND OTHER RELIEF [DOC. # 218]**

On August 21, 2006, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), the Court dismissed the securities fraud class action complaint in this action, brought under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, as well as Sections 11, 12 and 15 of the Securities Act, 5 U.S.C. §§ 77k, 77l(a)(2), and 77o, for failure to allege the existence of any actionable misrepresentation or omission. See Ruling on Mots. to Dismiss [Doc. # 216]. Judgment was entered in favor of defendants on August 23, 2006. See Judgment [Doc. # 217].

Lead plaintiffs now move pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) for an order modifying the judgment and granting them leave to file a proposed Consolidated Second Amendment Complaint. Mot. to Modify [Doc. # 218].[1] Defendants

---

[1] Plaintiffs also seek approval of the filing of the Second Amended Complaint without naming co-lead plaintiff James Rosner therein, due to an absence of actionable purchases by him during the truncated class period set forth in the new proposed pleading.

1

oppose plaintiffs' Motion, contending that plaintiffs do not meet the strict standards for setting aside or amending the judgment and that their proposed amendments would be futile. For the reasons that follow, plaintiffs' Motion will be denied.

## I. Factual and Procedural Background

The Court refers to its Ruling on Motions to Dismiss for a description of the factual background underlying this action. In brief, plaintiffs brought this action against defendants Star Gas, LLP ("Star Gas"), a Delaware master limited partnership with its principal place of business in Stamford, Connecticut which is in the business of home heating sales and repair; Star Gas LLC, the General Partner of Star Gas; Irik P. Sevin, the CEO and Chairman of the General Partner from March 1999 to March 2005; Audrey L. Sevin, Irik Sevin's mother and Director and Secretary of the General Partner from March 1999 to March 2005; Hanseatic Americas, Inc., which held an ownership interest in the General Partner, and its Chairman, Paul Biddelman; Ami Trauber, CFO of the General Partner from November 2001 to May 2005; and three investment banks that underwrote the offerings of Star Gas common units in September 2002 and August 2003.[2] Plaintiffs' fraud allegations, as set out in the Proposed Second Amended Complaint [Doc. # 218, Ex. A] focus primarily on two areas of alleged

---

[2] The Proposed Second Amended Complaint limits defendants to Star Gas, the General Partner, Irik Sevin, and Trauber only.

2

misrepresentations and/or omissions – those concerning the effects of the implementation of a "Business Process Redesign Improvement Program ("Business Improvement Program" or "BIP") that sought to change the way Star Gas' operating subsidiary, Petro Holdings Inc. ("Petro") interacted with its customers and dispatched its service technicians and oil deliveries, and those concerning Star Gas' hedging of price plan customers by purchasing options and futures and alleged deviations from Star Gas' stated practice of hedging a "substantial majority" of heating oil sold to price plan customers.

The class period, as limited by the Proposed Second Amended Complaint, runs from December 4, 2003 through October 18, 2004, when Star Gas "announced that a decline in its projected earnings would cause it to fail to meet the borrowing conditions of its working capital credit facility, that it might face bankruptcy as a result, and that it was suspending distributions to holders of its publicly-traded common units," resulting in an "immediate[] decline[] in value by roughly 80%, representing a loss in market capitalization of more than $500 million." Prop. Sec. Am. Compl. ¶ 2.

As noted above, on August 21, 2006 this Court dismissed the Consolidated First Amended Complaint for failure to allege actionable misrepresentations or omissions concerning: (1) the BIP, finding the statements alleged "reflect[ed] hope, adequately

tinged with caution" and constituted "expressions of corporate optimism for the future" and that the facts alleged did not show that defendants had reason to know the statements made were false and misleading at the time they were made, see Ruling at 19-32; (2) corporate acquisitions, finding that Star Gas' Form 10-Ks did not support an alleged plan to mask low customer satisfaction and high attrition by acquiring other companies, id at 32-33; (3) hedging transactions, finding that plaintiffs' allegations failed to state a claim because they did not identify Star Gas' statements that it intended to hedge/was hedging a "substantial majority" of its price plan contracts as misleading but rather claimed that Star Gas should have hedged 100% of those contracts, id. at 33-39; (4) ability to pass price increases to customers, finding that the statement made was "nothing more than a projection of [] future hoped-for margins, reasonably based on [Sevin's] knowledge of Star Gas' past performance," id. at 39-40; and (5) danger of non-compliance with debt covenants, finding that Star Gas' April 2003 statement that it was "well financed" was not actionable where plaintiffs' own factual allegations detailed that Star Gas was posting profits and record sales through January 2004 and the statement was insufficiently specific and contained no guarantees concerning Star Gas' actual financial condition, id. at 40-41.

Plaintiffs' proposed amendments, in addition to the

4

limitation of the class period and narrowing of defendants to Star Gas, its general partner, and "the most serious individual wrongdoers," focus on the alleged statements/omissions concerning the BIP and hedging, relying "significantly" on disclosures by Star Gas in its Form 10-K for the fiscal year ended September 30, 2005, which plaintiffs contend was filed after they filed their opposition to defendants' Motions to Dismiss. Pl. Mem. [Doc. # 219] at 1-2. According to plaintiffs, with respect to the BIP, the Proposed Second Amended Complaint "clarifies the nature of Lead Plaintiffs' claims: Defendants' false statements concerning the redesign project misled investors, including the Class, with respect to the severe deterioration of Star's core business operations that resulted from the redesign project," and with respect to the failure to adequate hedge, "identifies and sets forth in detail the methodology of Lead Plaintiffs' expert . . . and specifically alleges that it was Defendants' failure to hedge a 'substantial majority' of price plan customers' volume that constitutes the actionable fraud." Id. at 2.

**II. Standard**

Plaintiffs contend that "Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure provide authority for the Court to grant Lead Plaintiffs leave to amend their complaint, notwithstanding the entry of judgment in this action," that "[a]s a matter of procedure, when a complaint is dismissed pursuant to

5

Rule 12(b)(6) and the plaintiff requests permission to file an amended complaint, that request should ordinarily be granted," and that "where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course," referring to the standard articulated in Rule 15(a). Pl. Mem. at 3-4; Pl. Reply [Doc. # 229] at 4-5.

What plaintiffs acknowledge in their briefs, but seem to fail to appreciate the consequences of in their analysis, is that "once judgment is entered the filing of an amended complaint is not permissible until the judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)," Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244-45 (2d Cir. 1991), and "[w]hen the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly. . . . [A] busy district court need not allow itself to be imposed upon by the presentation of theories seriatim," State Trading Corp of India v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990). Thus, "[u]nless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint." Nat'l Petrochemical, 930 F.2d at 245; accord Rosendale v. Juliano, 67 Fed. Appx. 10, 14 (2d Cir. 2003) ("Once judgment is

6

entered[,] the filing of an amended complaint is not permissible under judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."). The Second Circuit has recognized that "in view of the provision in Rule 15(a) that 'leave [to amend] shall be freely given when justice so requires,' . . . it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." Nat'l Petrochemical, 930 F.3d at 245. But in doing so, "care must be taken to avoid allowing Rule 15 which liberally allows amendments of a complaint to be used to contravene the policy in favor of the finality of judgments." Antigenics Inc v. U.S. Bancorp Piper Jaffray, Inc., No. 03civ971 (RCC), 2004 WL 2290899, at *1 (S.D.N.Y. Oct. 8, 2004); accord Collazo v. Sikorsky Aircraft Corp., No. 03cv1620 (MRK), 2005 WL 856839, at *2 (D. Conn. Apr. 13, 2005) ("Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. . . . Rule 60 should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened.").

Thus, the Court will apply the standards typically applied on motions to set aside or to amend a judgment under Rules 59(e) and 60(b).[3] While plaintiffs refer to Foman v. Davis, 371 U.S.

---

[3] Rule 59(e) states: "Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment," and motions thereunder are

178, 182 (1962), and other authority for the proposition that in the context of such a motion made for purposes of amending a complaint, the liberal Rule 15(a) standard should be applied, the cases in this Circuit to have specifically addressed this issue have provided that there must be a "valid" basis to vacate the previous judgment before amendment will be considered, although as National Petrochemical directed (citing Foman v. Davis), the Court may consider the nature of the amendment in determining whether the relief sought is appropriate.

**III. Discussion**

Here, plaintiffs have demonstrated no "valid basis," Nat'l Petrochemical, supra, for vacating the judgment as they identify no new law or matters the Court overlooked justifying such action. Nor do they identify any new evidence, as defined in

---

analyzed under the same standard as applies to motions for reconsideration. See City of Hartford v. Chase, 942 F.2d 130, 133-34 (2d Cir. 1991) ("Motions for reconsideration . . . are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e) – each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance."). Rule 60(b) provides for relief from judgment on the basis of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Rule 60(b), entitling them to relief from judgment. While plaintiffs' Proposed Second Amended Complaint relies heavily on representations made in Star Gas' 2005 Form 10-K, that document was available to them during briefing on defendants' Motions to Dismiss more than 7 months prior to oral argument on those Motions as it was filed on December 13, 2005, was attached to defendants' reply briefing [Doc. # 204-5], and was discussed by both sides at oral argument. See also In re Merrill Lynch & Co., Inc., 273 F. Supp. 2d 351, 390 (S.D.N.Y. 2003) (noting Second Circuit opinion affirming district court denial of leave to amend on ground that "the new information alleged in the proposed second amended complaint was within plaintiff's knowledge before argument on the motion to dismiss the first amended complaint") (citing Vine v. Beneficial Fin. Co., 374 F.2d 627, 636-37 (2d Cir. 1967)), aff'd Lentell v. Merrill Lynch & Co., Inc., 396 F.3d 161 (2d Cir. 2005).

Further, the Court gave plaintiffs the opportunity to amend their pleading after being given notice of the claimed defects at the pre-filing conference. See 9/19/05 Tr. [Doc. # 193] at 15 ("THE COURT: . . . my purpose in having you outline your issues are [sic], . . . is the purpose to make sure we have a finalized complaint here and not one that would be given any leave to amend afterwards . . . on behalf of the plaintiffs, I take it that you have – well, am I correct in assuming that you have drafted your

amended consolidated complaint to address as well as you can by allegations the inevitable motion to dismiss on the grounds that [defense counsel] has outlined?  MR. BERNSTEIN: Yes, your Honor . . . the answer to that is yes."); see also State Trading Corp. of India, supra ("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly.").  Although plaintiffs contend that they requested in their opposition memorandum the opportunity to amend if the Court was inclined to grant the Motion to dismiss by reference to a footnote in that memorandum, see [Doc. # 198] at 93 n.40, plaintiffs did not actually move to amend, propose any specific amendments, or offer any indication of how any contemplated amendments might cure the alleged deficiencies, and they "were not entitled to an advisory opinion from the Court informing them of the deficiencies of the [First Amended Complaint] and then an opportunity to cure those deficiencies."  See In re Eaton Vance Mut. Funds Fee Litig., 403 F. Supp. 2d 310, 318 (internal quotation omitted); see also In re Merrill Lynch & Co., Inc., 273 F. Supp. 2d at 390 (plaintiffs had "no right to a second amendment - a third bite at the apple – particularly where . . . they had ample opportunity to craft their complaints and were advised by the Court, prior to amending their complaints, of certain pleading deficiencies and what the Court would

require.").

As noted above, when considering a motion to set aside/vacate for purposes of allowing amendment of the complaint, a court may "in a proper case," Nat'l Petrochemical, supra, consider "the nature of proposed amendments." Such consideration here, however, does not change the outcome of plaintiffs' Motion. "While the Second Circuit did not elaborate in [National Petrochemical] as to what would constitute such a 'proper case' for taking a proposed amendment into account, the Circuit has expressed its disapproval for granting Rule 60(b) relief in circumstances directly relevant to granting leave to amend pursuant to Rule 15(a): An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief . . . ." See In re Evergreen Mut. Funds Fee Litig., –- F. Supp. 2d –-, 2007 WL 442158, at *6 (S.D.N.Y. Feb. 5, 2007) (citing Paddington Partners v. Bouchard, 34 F.3d 1132, 1147 (2d Cir. 1994)). Here, the proposed amendments are of such a nature that they could have been advanced previously – they limit the proposed class period, refine the claimed misrepresentations, and assert a new theory with respect to the alleged statements concerning hedging.[4]

---

[4] In fact, this new theory is specifically tailored to avoid the Court's legal finding of insufficiency in its prior Ruling by directing itself to the claimed misrepresentation that Star Gas was hedging a "substantial majority" of the price plan contracts, which as explicitly noted in the Court's Ruling the First Amended

11

Because allowance of plaintiffs' proposed amendments in this case would as a practical matter render the Court's earlier Ruling on Motions to Dismiss "an advisory opinion from the Court informing [plaintiffs] of the deficiencies of the [First Amended Complaint] and then an opportunity to cure those deficiencies," see In re Eaton Vance Mut. Funds Fee Litig., 403 F. Supp. 2d at 318, even taking into account "the liberal policy of Rule 15(a)," in balancing against this policy against the "philosophy favoring final judgments and the expeditious termination of litigation," the Court will deny plaintiffs' Motion, see Nat'l Petrochemical, 930 F.2d at 245 (quoting 6 Fed. Practice & Procedure § 1489).

**IV. Conclusion**

For the foregoing reasons, plaintiffs' Motion to Modify the Judgment to Grant Leave to Amend the Complaint and Other Relief [Doc. # 218] is DENIED.

                              IT IS SO ORDERED.

                              /s/
                             Janet Bond Arterton
                             United States District Judge

**Dated at New Haven, Connecticut on this 22nd day of March, 2007.**

---

Complaint did not do. See Ruling at 35 ("Plaintiffs' complaint does not claim the 'substantial majority' language as misleading.") (emphasis in original).