MANDATE

*Connecticut (NHCT)*
*04.cv. 1766*
*Arterton*

07-1687-cv
In re Star Gas Securities Litigation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York on the 20th day of August, two thousand and nine.

Present:

    ROBERT A. KATZMANN,
        *Circuit Judge,*
    P. KEVIN CASTEL,\*
        *District Judge.*\*\*



---

JAMES C. ROSNER, Trustee of James C. Rosner Revocable Trust, JOHN E. WERTIN and RS HOLDINGS LLC, all individually and on behalf of all others similarly situated,

        *Plaintiffs-Appellants,*

RICHARD CARTER, individually and on behalf of all others similarly situated,

---

    \* The Honorable P. Kevin Castel of the United States District Court for the Southern District of New York, sitting by designation.

    \*\* The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(b); Local Rule 0.14(2); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

SEP 1 0 2009

ISSUED AS MANDATE:

*Plaintiff,*

AUGUST PROKOP, BRIAN M. BLOCK, DENNIS MCCOLE,
GRANT STRUNK, HARRIETTE S. CHARLES L. TABAS FOUNDATION,
LILA GOLD, ROBERT SEIGLE, RICHARD FEIT, JAMES WHITE,
LOUIS JAGERMAN, MARTIN M. WOOD, MICHAEL A. FREEDMAN,
SARA SPINNER BLOCK, JACK YOPP, JAY LEDERMAN,
MICHAEL R. KISER, SHARON I. DINKES, and LEE A. GOULD,
all individually and on behalf of all others similarly situated,

*Consolidated-Plaintiffs,*

v.                                          No. 07-1687-cv

STAR GAS PARTNERS, L.P., IRIK P. SEVIN and AMI TRAUBER,

*Defendants-Appellees,*

STAR GAS, LLC,

*Consolidated-Defendant-Appellee,*

A.G. EDWARDS & SONS, INC., RBC DAIN RAUSCHER INC.,
UBS INVESTMENT BANK, PAUL BIDDELMAN, HANSEATIC
AMERICAS, INC., and AUDREY L. SEVIN,

*Defendants,*

STAR GAS PROPANE LP., PETRO HOLDINGS INC., STAR GAS
FINANCE CO., JOSEPH P. CAVANAUGH, RICHARD F. AMBURY
and JAMES J. BOTTIGLIERI,

*Consolidated-Defendants.*

---

FOR APPELLANTS:          ETHAN D. WOHL, Labaton Sucharow & Rudoff LLP, New
                         York, NY (Joel H. Bernstein and Mark S. Arisohn, Labaton
                         Sucharow & Rudoff LLP, New York, NY; Gregory M.
                         Castaldo and Christopher L. Nelson, Schiffrin Barroway
                         Topaz & Kessler, LLP, Radnor, PA; James E. Miller and
                         Patrick A. Klingman, Shepherd, Finkelman, Miller & Shah,
                         LLC, Chester, CT, *on the brief*).

2

FOR APPELLEES:  JONATHAN J. LERNER (Maura Barry Grinalds and Sarah Eddy McCallum, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY.

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants appeal from (1) the judgment of the United States District Court for the District of Connecticut (Arterton, *J.*), dismissing their claims against all defendants, and (2) the denial of their motion to modify the judgment to grant leave to file an amended complaint. We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as the issues presented on appeal.

We conclude that the district court correctly held that the Consolidated Amended Complaint (the "Complaint") failed to state a claim for securities fraud. Long before the price of Star Gas Partners, L.P. ("Star Gas") securities fell in October 2004, the defendants disclosed customer attrition figures to the public and made it clear that Star Gas's Business Improvement Plan (the "BIP") was facing significant challenges.[1] For example, in a July 2004 press release, defendant Sevin described the implementation of the BIP as "particularly challenging" and disclosed that Star Gas's operating income had decreased by approximately $4 million due in part to the effect of "an approximate 4% net customer loss resulting from both high energy prices and diminished service levels . . . associated with the initial stages of [the BIP]." To the extent

---

[1] Although the Complaint raises additional fraud claims, plaintiffs-appellants conceded during oral argument that this appeal challenges only the dismissal of their fraud claims arising from alleged misrepresentations about the progress of the BIP.

3

that any of Sevin's earlier positive statements about the progress of the BIP could have misled

investors, Sevin's July 2004 disclosures defeat the claim that the October 2004 announcement

"belatedly revealed" that Star Gas suffered high customer attrition principally related to the BIP,

causing security prices to fall.  Accordingly, the Complaint fails to adequately allege that any of

Sevin's early positive statements concealed something from the market that, when disclosed in

October 2004, caused the fall in securities prices.  *See Lentell v. Merrill Lynch & Co.*, 396 F.3d

161, 173 (2d Cir. 2005).

Further, although Sevin's July 2004 disclosure also included positive statements about the

BIP, including that "we are beginning to see many of the operational and customer satisfaction

benefits originally anticipated" and that he was optimistic "because we have a company under

control," there is no "substantial likelihood" that a "reasonable investor would have considered

[these statements] significant in making investment decisions."  *Ganino v. Citizens Utils. Co.*,

228 F.3d 154, 161–62 (2d Cir. 2000) (internal quotation marks omitted).  Sevin's positive

statements about the BIP's present stability were sufficiently vague and generalized that no

reasonable investor would have relied upon them, particularly when coupled with Sevin's

concurrent disclosures about the BIP's problems to date.[2]  As to Sevin's forward-looking

statements, the Complaint fails to allege facts supporting the conclusion that Sevin made

optimistic statements in bad faith or without a reasonable basis.  *See San Leandro Emergency*

*Med. Group Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 813 (2d Cir. 1996).

---

[2] We note that plaintiffs-appellants' brief refers to allegedly misleading statements that
appear only in their proposed Consolidated Second Amended Complaint, which they submitted
to the district court *after* it dismissed the Complaint.  Because these allegations were not
included in the Complaint, we do not consider them in reviewing the district court's order of
dismissal.

4

Because Sevin's statements constitute mere "expressions of puffery and corporate optimism," they "do not give rise to securities violations." *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004).

We conclude also that the district court did not abuse its discretion in dismissing the Complaint with prejudice, despite plaintiffs-appellants' footnote request in their opposition brief for leave to amend if the district court "deems the claims against Defendants insufficiently pleaded." *See In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss."). Nor did the district court abuse its discretion in denying plaintiffs-appellants' motion to modify the judgment, *see Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 592 (2d Cir. 2007) ("Generally, we review a district court's denial of a motion to amend under the abuse of discretion standard."), even assuming *arguendo* the applicability of the liberal Rule 15(a) standard. *See In re Star Gas Sec. Litig.*, 241 F.R.D. 428, 433 (D. Conn. 2007) (denying plaintiffs' motion "even taking into account the liberal policy of Rule 15(a)" (internal quotation marks omitted)). The district court gave plaintiffs-appellants the opportunity to amend the Complaint after a pre-motion telephone conference where the defendants described their arguments in favor of dismissal. Plaintiffs-appellants declined to do so. Thereafter, plaintiffs-appellants did not move to amend the Complaint after the defendants filed their briefs in support of dismissal. Although plaintiffs-appellants informally requested leave to amend in their motion papers, they did not submit proposed amendments or otherwise indicate how they would correct any deficiencies in the Complaint. Under these circumstances, it was within the district court's discretion to dismiss

the Complaint with prejudice.  *See Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d

Cir. 2006) (per curiam) (rejecting "a broad rule to the effect that, in the case of a counseled

plaintiff, abuse of discretion will be found and the case remanded whenever a district court fails

to provide for repleading").

For the foregoing reasons, the judgment of the district court dismissing the Complaint and

denying the post-judgment motion to amend the Complaint is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by_____
DEPUTY CLERK